EVERETTE S. SCHOFIELD v. JOAN R. SCHOFIELD

No. 8526DC679

(Filed 7 January 1986)

**Divorce and Alimony § 19.1; Process § 9.1— motion to reduce or terminate alimony —payments sent to nonresident defendant—insufficient minimum contacts with North Carolina—no personal jurisdiction**

     Pursuant to N.C.G.S. 1-75.4(5)(d), North Carolina had statutory jurisdiction over plaintiff's motion to reduce or terminate his alimony obligations where plaintiff lived in North Carolina; defendant lived in New Jersey; N.C.G.S. 1-75.4(5)(d) states that statutory jurisdiction is found in any action which "[r]elates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction"; and money payments are "things of value" within the meaning of the statute; however, defendant did not have sufficient minimum contacts with North Carolina so that exercise of personal jurisdiction over her was consistent with due process of law where defendant lived and worked in this State from 1 September 1978 to 1 September 1983; there was no evidence to indicate where the parties were married, but they were divorced in South Carolina; there was

no indication that the parties shared a matrimonial domicile in this State; the complaint was filed almost a year after defendant had moved to New Jersey; and there was nothing in the record to indicate that defendant had conducted business or other activities in the State since she left, that she owned property here, or that she in any way invoked the protection of the laws of North Carolina.

APPEAL by defendant from *Sherrill, Judge.* Judgment entered 26 March 1985 in MECKLENBURG County District Court. Heard in the Court of Appeals 3 December 1985.

Plaintiff husband and defendant wife were married on 23 November 1957. Plaintiff moved to North Carolina from South Carolina in March of 1977. While still living in South Carolina, defendant initiated proceedings in the Family Court of York County, South Carolina for divorce and alimony. On or about 1 September 1978, subsequent to the initiation of the divorce proceedings, defendant also moved to this State. On 13 October 1978 the South Carolina court granted a divorce and permanent alimony to the defendant.

On 17 February 1981, when both parties were residing in Charlotte, the South Carolina court heard a motion by plaintiff in the original divorce action to reduce or eliminate his alimony obligations based upon a change in circumstances. This motion was denied and the denial was subsequently affirmed by the South Carolina Supreme Court. In August of 1983, defendant moved to New Jersey.

On 15 August 1984 plaintiff filed this motion in Mecklenburg County District Court to have his alimony obligations reduced or terminated based on a change of circumstances pursuant to N.C. Gen. Stat. § 50-16.9 (1984). Defendant, through her attorney, moved to dismiss the action based on lack of personal and subject matter jurisdiction, N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) and (2) of the Rules of Civil Procedure. The motion was allowed. Plaintiff then moved for relief from the order pursuant to N.C. Gen. Stat. § 1A-1, Rule 60 of the Rules of Civil Procedure. This relief was granted and defendant's motion to dismiss was rescheduled for hearing. At this hearing defendant's motion to dismiss was denied. Defendant appealed.

*No brief for plaintiff-appellee.*

*Haynes, Baucom, Chandler, Claytor & Benton, P.A., by Rex C. Morgan, for defendant-appellant.*

WELLS, Judge.

Defendant has appealed from the denial of her motion to dismiss for lack of personal jurisdiction. Though interlocutory, such a ruling is immediately appealable. N.C. Gen. Stat. § 1-277(b) (1983); *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E. 2d 182 (1982).

To determine if foreign defendants may be subjected to personal jurisdiction in this State, we apply a two-pronged test. First, we determine whether North Carolina jurisdictional statutes allow our courts to entertain the action. Second, we determine whether our courts can constitutionally exercise such jurisdiction consistent with due process of law. *Marion v. Long*, 72 N.C. App. 585, 325 S.E. 2d 300, *appeal dismissed*, 313 N.C. 604, 330 S.E. 2d 612 (1985).

Plaintiff's motion to reduce or terminate his alimony obligations was made pursuant to G.S. 50-16.9. This statute provides only that an alimony order entered by a court of another jurisdiction may be modified by a court of this State "upon gaining jurisdiction over the person of both parties"; therefore, statutory jurisdiction arises, if at all, under N.C. Gen. Stat. § 1-75.4 (1983), the North Carolina "long-arm" statute. This statute should be construed liberally, in favor of finding jurisdiction. *Leasing Corp. v. Equity Associates*, 36 N.C. App. 713, 245 S.E. 2d 229 (1978). The burden is on the plaintiff to establish *prima facie* that one of the statutory grounds applies. *Marion v. Long, supra.*

G.S. 1-75.4(12), entitled "Marital Relationship," applies to an action under Chapter 50 only if the action for absolute divorce in the relationship was filed on or after 1 October 1981, 1981 N.C. Sess. Laws, ch. 815, s. 7, and so does not apply to the present case. None of the other provisions apply specifically to the marital relationship. However, the long-arm statute was intended to make available to the courts of this State the full jurisdictional powers permissible under due process. *Dillon v. Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977).

G.S. 1-75.4(5)(d) states that statutory jurisdiction is found in any action which "[r]elates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction. . . ." This Court has held that money payments are "things of value" within the meaning of G.S. 1-75.4(5)(c). *See, e.g., Pope v. Pope*, 38 N.C. App. 328, 248 S.E. 2d 260 (1978) (Court had jurisdiction in action for arrearages due under a separation agreement). The same logic applies to (5)(d). We hold that statutory jurisdiction exists under G.S. 1-75.4(5)(d).

The exercise of statutory jurisdiction must meet the test of constitutional due process, requiring the defendant to have sufficient minimum contacts with the forum state to ensure that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Miller v. Kite*, 313 N.C. 474, 329 S.E. 2d 663 (1985). The concept of minimum contacts furthers two goals. First, it safeguards the defendant from being required to defend an action in a distant or inconvenient forum. Second, it prevents a state from escaping the restraints imposed upon it by its status as a coequal sovereign in a federal system. *Id.*

In *Kulko v. California Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed. 2d 132 (1978), a couple had been married in California but spent their married life in New York. After a separation, the wife moved to California. Eventually, with the husband's acquiescence, one of the couple's children went to live in California. Another child also moved there without the husband's acquiescence. The husband was paying child support at this time. The wife later filed actions in California for divorce and custody, *i.e.*, to adopt and modify a divorce decree obtained in Haiti. The Court held that the husband's contacts with California, his acquiescence to and benefit gained by the children's living there and his support payments sent there were insufficient to establish minimum contacts, as the husband did not "purposefully derive benefit from any activities relating to the State of California." *See also Southern v. Southern*, 43 N.C. App. 159, 258 S.E. 2d 422 (1979); *Miller v. Kite, supra*.

The facts alleged by plaintiff in support of personal jurisdiction are as follows: Defendant lived and worked in this State from approximately 1 September 1978 to 1 September 1983. The South Carolina divorce was granted 13 October 1978, so that plaintiff

and defendant "were actually married to each other" for approximately six weeks in 1978 while they both resided in this State.

There is nothing in the record to indicate where the parties were married. They were divorced in South Carolina. There is no indication that the parties shared a matrimonial domicile in this State. The complaint was filed almost a year after defendant had moved to New Jersey. There is nothing in the record to indicate that defendant has conducted business or other activities in the State since she left, that she owns property here or that she has in any other way invoked the protection of the laws of North Carolina.

There is no clear formula to determine whether the exercise of personal jurisdiction is justified; all decisions evolve ultimately into a test of reasonableness, fairness and justice in light of all circumstances surrounding the action. *Holt v. Holt*, 41 N.C. App. 344, 255 S.E. 2d 407 (1979). The United States Supreme Court has admonished that the flexible standard of *International Shoe* does not herald the eventual demise of all restrictions on the personal jurisdiction of state courts. *Kulko, supra.*

We hold that defendant did not have sufficient minimum contacts with North Carolina to ensure that the maintenance of this action against her does not offend "traditional notions of fair play and substantial justice" and that the motion to dismiss for lack of personal jurisdiction was improperly denied.

Reversed.

Judges ARNOLD and PARKER concur.