KAY HUTCHINSON CARROLL v. WILLIAM MITCHELL CARROLL

No. 8718DC502

(Filed 19 January 1988)

**Divorce and Alimony § 30— equitable distribution of marital property—no jurisdiction over out-of-state defendant**

    Plaintiff's claim for equitable distribution of marital property must be dismissed for lack of jurisdiction over defendant where the parties married in the State of Washington, lived there for the duration of the marriage, and accumulated real and personal property there; moreover, that there existed in North Carolina some personal property in which defendant might have an interest because of the equitable distribution statutes was not alone sufficient to establish jurisdiction over defendant or his property, since there was no evidence that defendant himself brought the property into this state or consented to its being brought here.

    Judge PHILLIPS concurring in the result.

APPEAL by defendant from *Lowe, Judge.* Order entered 31 December 1986, in District Court, GUILFORD County. Heard in the Court of Appeals 18 November 1987.

*Hatfield & Hatfield, by Kathryn K. Hatfield for plaintiff-appellee.*

*Greeson, Allen and Floyd, by Constance Floyd Jacobs for defendant-appellant.*

GREENE, Judge.

This is a civil action brought by the plaintiff-wife seeking a divorce, child custody, child support, and equitable distribution of the marital properties. Defendant-husband, a resident of the State of Washington, moved to dismiss the complaint pursuant to N.C.G.S. Sec. 1A-1, Rule 12(b)(1) and (2) asserting the district court had neither subject matter nor personal jurisdiction.

The trial court denied defendant's motion to dismiss and concluded it had jurisdiction to determine the issues of custody, divorce, and equitable distribution. The court further concluded it did not have jurisdiction over the issue of child support because it did not have personal jurisdiction over defendant.

The parties were married in Florida in 1975 and resided in various locations during the marriage. The court found the plain-

tiff has been a resident of North Carolina since April 1985 when she moved here from the State of Washington with the couple's daughter. The defendant resides in Tacoma, Washington, and has not lived in North Carolina at any time during the parties' marriage. The court also found:

7. That property of the parties including real estate and household furnishings are in Tacoma, Washington.

8. That property of the parties including plaintiff's car and personal property are in North Carolina.

Defendant gave notice of appeal and assigns error only to the court's failure to dismiss plaintiff's claim for equitable distribution.

The sole issue in this appeal is whether the trial court has jurisdiction over the defendant such that it can enter an order for equitable distribution.

I

Resolution of this question normally involves a two-part inquiry. "First, do the statutes of North Carolina permit the courts to entertain this action against defendant. If so, does the exercise of this power by the North Carolina courts violate due process of law." *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 675, 231 S.E. 2d 629, 630 (1977). However, we find it unnecessary to address the first issue. Assuming *arguendo* that the North Carolina "long-arm" statutes at N.C.G.S. Secs. 1-75(4) and 1-75(8) (1983) give North Carolina courts jurisdiction over the defendant, application of those statutes here would violate the due process clause of the Fourteenth Amendment.

The due process clause of the Fourteenth Amendment limits the power of a court to exercise jurisdiction over a nonresident defendant. *Miller v. Kite*, 313 N.C. 474, 477, 329 S.E. 2d 663, 665 (1985). This due process analysis applies with equal force to actions *in personam*, *in rem*, and *quasi in rem*. *See Shaffer v. Heitner*, 433 U.S. 186, 212, 53 L.Ed. 2d 683, 703 (1977); *see also Balcon, Inc. v. Sadler*, 36 N.C. App. 322, 325-26, 244 S.E. 2d 164, 166-67 (1978). However, *Shaffer* did not alter the longstanding rule set out in *Williams v. North Carolina*, 317 U.S. 287, 298-99, 87

L.Ed. 279, 286 (1942), that a state can alter the "marriage status of [a] spouse domiciled there, even though the other spouse is absent," as long as service on the absent spouse comports with due process. *See Shaffer*, 433 U.S. at 208 n.30, 53 L.Ed. 2d at 700 n.30; *cf. Chamberlin v. Chamberlin*, 70 N.C. App. 474, 477, 319 S.E. 2d 670, 672, *disc. rev. denied*, 312 N.C. 621, 323 S.E. 2d 921 (1984) (holding that North Carolina's compelling interest in determining status of residents is consistent with due process fairness under *Shaffer* so that court had jurisdiction over divorce action where only one spouse was resident of State). This Court has also recognized that personal jurisdiction over a nonresident parent is not required in a child custody action filed under the Uniform Child Custody and Jurisdiction Act. *Hart v. Hart*, 74 N.C. App. 1, 7, 327 S.E. 2d 631, 635 (1985).

In an equitable distribution action, the court is exercising jurisdiction over the interests of persons in property and not over a "status" of the parties. Exercise of this jurisdiction must meet the minimum contacts standard of *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 102 (1945) (defendant and forum State must have minimum contacts such that exercise of jurisdiction does not offend " 'traditional notions of fair play and substantial justice.' "). *Shaffer*, 433 U.S. at 212, 53 L.Ed. 2d at 703. Minimum contacts must have a basis in "some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75, 85 L.Ed. 2d 528, 542 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L.Ed. 2d 1283, 1298 (1958) ).

Here, plaintiff and defendant were married in 1975 and lived together in the State of Washington where they accumulated real and personal property. They separated in 1985 and plaintiff moved to North Carolina. Plaintiff has resided in this State since 6 April 1985 and defendant continues to reside in the State of Washington. Defendant has not lived in North Carolina during any part of the marriage; however, the trial court found that certain property of the parties was located in North Carolina.

Our review of these undisputed facts indicates no action by defendant purposefully directed towards this State. Once the ex-

ercise of jurisdiction over a defendant is challenged, the burden of proof is on the plaintiff to establish jurisdiction. *Gro-Mar Public Relations, Inc. v. Billy Jack Enterprises, Inc.*, 36 N.C. App. 673, 677, 245 S.E. 2d 782, 784 (1978). Plaintiff has not met her burden.

The fact that there exists some personal property in North Carolina in which the defendant may have an interest because of the equitable distribution statutes is not alone sufficient to establish jurisdiction over the defendant or his property. If there was evidence the defendant brought the property into North Carolina or consented to the placement of property in North Carolina, this would be some evidence of contacts with the forum State, the defendant and the litigation. *See Holt v. Holt*, 41 N.C. App. 344, 255 S.E. 2d 407 (1979) (nonresident defendant's purchase of real property in North Carolina twenty-five days after being ordered to make payments to plaintiff wife and divorce decree settling interests of parties in real and personal property located in North Carolina established sufficient minimum contacts); *In re Marriage of Breen*, 560 S.W. 2d 358, 362-64 (Mo. App. 1977). This however, would not itself necessarily be decisive concerning the issue of jurisdiction. The United States Supreme Court has recently emphasized that in each case, under the test in *International Shoe*, the exercise of jurisdiction must be reasonable and fair. *See Ashai Metal Indus. v. Superior Ct. of California*, 94 L.Ed. 2d 92, 106-07 (1987).

Here, the facts do not indicate who brought the property into North Carolina or whether defendant even consented to the property being in North Carolina. *See* Restatement (Second) Conflicts of Law Sec. 60 comment d (1969) ("A state will not usually exercise judicial jurisdiction to affect interest in a chattel brought into its territory without the consent of the owner unless and until the owner has had a reasonable opportunity to remove the chattel, or has otherwise waived the exemption . . ."); *see also Burger King*, 471 U.S. at 475, 85 L.Ed. 2d at 542 (" 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of . . . the 'unilateral activity of another party or a third person . . .' "). From the facts presented, we hold that the trial court lacked jurisdiction over the defendant and his property and therefore could not properly determine the equitable distribution claim.

Our decision that the plaintiff's claim for equitable distribution must be dismissed does not appear to deny plaintiff a remedy for the division of the marital property. The State of Washington, where the parties lived as man and wife and where they accumulated their property, authorizes its courts to enter a disposition of the marital property as is "just and equitable." Wash. Rev. Code Sec. 26.09.080 (1986). This order can be entered by the Washington courts "following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse . . . ." *Id.* Therefore, it appears that the plaintiff could proceed with her divorce in this State and seek distribution of the marital property in the State of Washington.

Our holding is supported by United States Supreme Court decisions requiring *in personam* jurisdiction over the defendant before a court can order payment of child support or alimony. *See Kulko v. Superior Ct. of California,* 436 U.S. 84, 100-01, 56 L.Ed. 2d 132, 146 (1978) (a nonresident father "who derives no personal or commercial benefit from his child's presence in [a foreign state] and who lacks any other relevant contact" with the foreign state cannot be required to defend a child support suit); *Vanderbilt v. Vanderbilt,* 354 U.S. 416, 1 L.Ed. 2d 1456 (1957) (Nevada court decree could not terminate wife's claim for support where court lacked *in personam* jurisdiction over wife); *Estin v. Estin,* 334 U.S. 541, 92 L.Ed. 1561 (1947) (same).

Plaintiff further contends N.C.G.S. Sec. 50-21(a) (1987) provides a basis for jurisdiction over the defendant. N.C.G.S. Sec. 50-21(a) provides in pertinent part:

> Real or personal property located outside of North Carolina is subject to equitable distribution in accordance with the provisions of G.S. 50-20, and the court may include in its order appropriate provisions to insure compliance with the order of equitable distribution.

This statute simply authorizes jurisdiction over the property of the defendant located outside North Carolina once due process concerns are satisfied. Since neither party has raised the issue, we do not address what limits may otherwise be imposed on this State's jurisdictional competence over real estate located outside of North Carolina. *See generally* 1 A. Oldfather *et al.,* Valuation

and Distribution of Marital Property Sec. 10.01[2][c] at 10-10 to 10-16 (1987).

## II

The order of the trial court is reversed and plaintiff's claim against defendant for equitable distribution is dismissed for lack of jurisdiction over the person and property of defendant.

Reversed.

Judge BECTON concurs.

Judge PHILLIPS concurs in the result.

Judge PHILLIPS concurring in the result.

In my opinion the due process question discussed in the opinion does not arise because North Carolina has no statute that purports to give our courts personal jurisdiction over the property or person of a nonresident defendant whose only contact with the state has been that his wife after they separated moved here with their child and her personal property.