SUSAN BUCK (FORMERLY HEAVNER), PLAINTIFF v. JOHN L. HEAVNER, DEFENDANT

No. 8811DC454

(Filed 7 March 1989)

### Process § 9.1— enforcement of note—nonresident defendant— insufficient minimum contacts

A nonresident defendant who executed a promissory note to his former wife, who resided in North Carolina, did not do some act or consummate some transaction so that it could be fairly said that he purposefully availed himself of the privilege of conducting activities in this state and defendant's motion to dismiss should have been granted. The fact that payment was to be made to plaintiff at her North Carolina address was the result of plaintiff's decision to move to North Carolina when the parties separated; defendant's general appearance in a child custody and support action in North Carolina does not satisfy the requirement that there be a relationship between the defendant, the forum, and the litigation because defendant's general appearance was a submission to jurisdiction in that action only and does not waive his right to object to jurisdiction in separate causes of action; a subsequent Wake County District Court order requiring the parties to abide by all the terms of the Colorado order, which included the provisions pertaining to the promissory note, resulted from plaintiff's motion to hold defendant in contempt for failing to make child support payments and cannot serve as the basis for asserting jurisdiction over defendant in an action to enforce the promissory note; and the fact that defendant makes trips to North Carolina to exercise his visitation rights cannot supply the necessary minimum contacts.

APPEAL by defendant from Order of *Christian (William A.), Judge,* entered 8 December 1987 in LEE County District Court. Heard in the Court of Appeals 2 November 1988.

## BUCK v. HEAVNER

[93 N.C. App. 142 (1989)]

*Moretz & Silverman, by Jonathan Silverman, for plaintiff appellee.*

*Johnson, Gamble, Hearn & Vinegar, by Richard J. Vinegar and Kathleen M. Waylett, for defendant appellant.*

COZORT, Judge.

The sole question presented in this appeal is whether the trial court erred in denying defendant's motion to dismiss plaintiff's claim for lack of personal jurisdiction. We hold that the trial court did not have personal jurisdiction over defendant and, therefore, improperly denied the motion to dismiss.

Plaintiff is a resident of North Carolina. Defendant is a resident of Ohio. The parties were married on 12 September 1978 and thereafter resided in the State of Louisiana. In 1980, they moved to Colorado, where they resided together until their separation in early 1982. One child was born during the marriage. In March of 1982, plaintiff and the minor child moved to North Carolina, where they resided at the time the present action was filed.

After moving to North Carolina, plaintiff brought an action in this State for child custody and child support. Counsel for defendant apparently made a general appearance on defendant's behalf in that action, and orders for custody and support were entered on 25 June 1982 and 8 October 1982. An additional order was entered on 11 February 1983 upon plaintiff's motion for arrearages in child support payments.

On or about 9 December 1982, defendant petitioned the District Court of Arapahoe County, Colorado, for a decree dissolving the marriage and dividing the parties' marital property. On 20 December 1982 the Colorado court entered a Decree of Dissolution *nunc pro tunc* 9 December 1982 and awarded the marital home to defendant. The court further ordered plaintiff to quitclaim her interest in that property to defendant, who was, in turn, ordered to execute and deliver to plaintiff a promissory note in the face amount of $7,500.00, with ten percent simple interest, payable within two years from the date of the court's order, and secured by a deed of trust for the benefit of plaintiff. It is this promissory note which forms the basis of the present action.

On 17 September 1987 plaintiff filed the instant action alleging that payment was due under the terms of the promissory note

BUCK v. HEAVNER

[93 N.C. App. 142 (1989)]

and that payment had not been made. Plaintiff prayed for a money judgment in the amount of the note, plus interest and attorney's fees. Through his counsel, defendant made a limited appearance and moved the court to dismiss under Rule 12(b)(2) of the N.C. Rules of Civil Procedure on the ground that the courts of the State of North Carolina lacked jurisdiction over the person of defendant in the matter. The trial court denied the motion. Defendant appealed pursuant to N.C. Gen. Stat. § 1-277(b). We reverse.

A determination of whether a nonresident defendant is subject to the *in personam* jurisdiction of the courts of this State involves a two-pronged analysis: first, whether there is a statutory basis for the exercise of *in personam* jurisdiction by the court; and second, whether the exercise of jurisdiction comports with the requirements of the due process clause of the Fourteenth Amendment. *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977).

Plaintiff argues that the statutory basis for the exercise of personal jurisdiction in this case is found in N.C. Gen. Stat. § 1-75.4(5)(c) (1988). That subsection of the State's "long-arm" statute provides, in pertinent part, that a court of North Carolina may exercise personal jurisdiction over a defendant properly served in an action which

> [a]rises out of a promise, made anywhere to the plaintiff . . . by the defendant to deliver or receive within this State . . . goods, documents of title, or other things of value . . . .

N.C. Gen. Stat. § 1-75.4(5)(c) (1988). This Court has held that "[m]oney payments are clearly a thing of value within the meaning of G.S. 1-75.4(5)(c)," *Pope v. Pope*, 38 N.C. App. 328, 331, 248 S.E. 2d 260, 262 (1978), and that a defendant's promise to make money payments to a holder in North Carolina is within the purview of the long-arm statute. *Wohlfahrt v. Schneider*, 66 N.C. App. 691, 693, 311 S.E. 2d 686, 687 (1984). Defendant argues, however, that, unlike the defendant in *Wohlfahrt*, he executed the promissory note pursuant to a court order and that there was no *voluntary* promise as contemplated in § 5(c) of the statute. While we are not persuaded by defendant's effort to engraft a voluntariness requirement onto the statute, we need not resolve that particular issue here. Assuming *arguendo* that our long-arm statute gives North Carolina courts *in personam* jurisdiction over defendant, we nevertheless believe that the exercise of personal jurisdiction in this case would violate the second prong in the analysis, the due process clause of the Fourteenth Amendment to the Constitution of the United States.

**BUCK v. HEAVNER**

[93 N.C. App. 142 (1989)]

Due process demands that the maintenance of a lawsuit against a nonresident not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 102, 66 S.Ct. 154, 158 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L.Ed. 278, 283, 61 S.Ct. 339, 343 (1940) ). The "constitutional touchstone" of this due process requirement is whether the defendant has purposefully established minimum contacts with the forum state so that he should reasonably anticipate being haled into court in that forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 85 L.Ed. 2d 528, 542, 105 S.Ct. 2174, 2183 (1985). When there are sufficient "continuous and systematic" contacts between the defendant and the forum state, the state may exercise "general jurisdiction" over the defendant in causes of action that are unrelated to defendant's forum state activities. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n.9, 415, 80 L.Ed. 2d 404, 411 n.9, 104 S.Ct. 1868, 1872 n.9 (1984). Absent such continuous and systematic contacts, a state may exercise "specific jurisdiction" over a defendant in lawsuits that arise out of or are related to defendant's contacts with the forum state. *Id.* at n.8. *See also Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 348 S.E. 2d 782 (1986). The case before us involves a question of specific jurisdiction.

In cases involving specific jurisdiction, the focus of the minimum contacts inquiry is on the relationship among the defendant, the forum state, and the litigation. *See Shaffer v. Heitner*, 433 U.S. 186, 204, 53 L.Ed. 2d 683, 698, 97 S.Ct. 2569, 2580 (1977). The resolution of the inquiry necessarily turns on the facts of each case, *Parris v. Garner Commercial Disposal, Inc.*, 40 N.C. App. 282, 253 S.E. 2d 29, *disc. review denied*, 297 N.C. 455, 256 S.E. 2d 808 (1979), but it is essential that there be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of the forum state's laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L.Ed. 2d 1283, 1298, 78 S.Ct. 1228, 1240 (1958).

In an affidavit filed with his motion to dismiss, defendant alleged that he had never been a resident of North Carolina nor stayed within this State for "an appreciable period of time" since before he married plaintiff in 1979, and that he did not own, nor had he owned since prior to his marriage in 1979, any real or personal property in North Carolina. Plaintiff did not challenge those assertions. Rather, plaintiff alleged in her affidavit that she

was living in North Carolina at the time defendant executed the promissory note and deed of trust and that payment was to be made to her at her North Carolina address, that defendant's attorney made general appearances on behalf of defendant in the child custody and support action, and that defendant makes trips to North Carolina in exercising his visitation rights. Plaintiff contends that these facts provide a constitutional basis for asserting jurisdiction over defendant in her action to enforce the promissory note. We must disagree.

A contractual relationship between a North Carolina resident and a nonresident party does not automatically establish the necessary minimum contacts with this State. *Tom Togs, Inc.*, 318 N.C. at 367, 348 S.E. 2d at 786. However, a single contract may provide a sufficient basis for the exercise of personal jurisdiction if it has a substantial connection with this forum. *Id.* In the case before us, defendant executed a promissory note to plaintiff, in return for a quitclaim deed to their Colorado property, pursuant to a dissolution and distribution order of the Colorado court. The promissory note is secured by the real property located in Colorado.

Without more, we must conclude that the contract does not provide a substantial connection with this State. The fact that payment was to be made to plaintiff at her North Carolina address was the result of plaintiff's decision to move to North Carolina when the parties separated. Her unilateral act of moving to North Carolina cannot satisfy the requirement that defendant have minimum contacts with this forum. *See Miller v. Kite*, 313 N.C. 474, 479, 329 S.E. 2d 663, 666 (1985) (citing *Hanson v. Denckla*, 357 U.S. at 253, 2 L.Ed. 2d at 1298, 78 S.Ct. at 1239).

Nor do we believe that defendant's general appearance in the child custody and support action satisfies the requirement that there be a relationship among the defendant, the forum, and the litigation. While the support action necessarily has a connection with the parties' former marital relationship, it is not, for the purposes of a minimum contacts analysis, related to the breach of contract action which arises from obligations imposed by the Colorado distribution order. Defendant's general appearance in the custody and support action was a submission to jurisdiction in that action only and does not waive his right to object to jurisdiction in separate causes of action.

BUCK v. HEAVNER

[93 N.C. App. 142 (1989)]

Plaintiff's contention that the 11 February 1983 order of the Wake County District Court ordered the parties to abide by all of the terms of the Colorado order—including the provisions pertaining to the promissory note—is not supported by the record. The 11 February 1983 order resulted from plaintiff's motion to hold defendant in contempt for failing to make child support payments. The issues before the district court pertained only to child support and custody. Although the court ordered the parties "to abide by all of the terms and conditions" of the Colorado order, its conclusion of law in support of that order was that "[i]t would be in the best interest of the parties' minor child that the *custody, support and visitation privileges* determined by the Colorado court . . . should be adopted by this Court . . . ." (Emphasis added.) Therefore, the order of the North Carolina court in the support action cannot serve as the basis for asserting jurisdiction over defendant in an action to enforce a promissory note executed in accordance with the order of the Colorado court.

Finally, this Court has held that the fact that a defendant makes trips to North Carolina in order to exercise his visitation rights cannot supply the necessary minimum contacts for the purposes of a child support action. *See Miller v. Kite.* We believe that rule applies with at least equal force in the instant case.

We therefore hold that, by executing the promissory note to his former wife who resided in North Carolina, defendant did not do some act or consummate some transaction so that it could be fairly said that he purposefully availed himself of the privilege of conducting activities in this State.

The order of the District Court denying defendant's motion to dismiss is reversed, and the case is remanded to the District Court of Lee County for the purpose of entering an order granting the defendant's motion to dismiss.

Reversed and remanded.

Judges ARNOLD and WELLS concur.