ROXIE CARRIE MAY S. TOMPKINS, Plaintiff v. LEROY T. TOMPKINS, Defendant

No. 8917DC1082

(Filed 1 May 1990)

1. **Appeal and Error § 157 (NCI4th) — erroneous finding in trial court — error not assigned — finding not binding on Court of Appeals**

    An erroneous portion of a finding of fact was not binding on the Court of Appeals even though error was not assigned to that finding of fact by either party where the trial court in an alimony action found that the parties lived in North Carolina during a portion of the marriage and were living in North Carolina at the time of the separation, the pleadings plainly assert no allegations whatsoever that the parties lived in North Carolina during a portion of the marriage or that they were living in this State at the time of separation, and the erroneous finding, if allowed to stand, would when coupled with other allegations clearly warrant reversal of the order dismissing plaintiff's action on grounds of lack of personal jurisdiction over defendant. Where error is manifest on the face of the record, even though it is not the subject of an exception, it is the duty of the Court to correct it and the Court may do so of its own motion; such error will not be grounds for disturbing a judgment or order unless the failure to take corrective action amounts to the denial of a substantive right and such a remedy is strictly limited to those rare circumstances where the error is so pronounced upon the face of the record that sound principles of jurisprudence will not permit it to be ignored.

    **Am Jur 2d, Appeal and Error §§ 654-656, 674.**

2. **Process § 9.1 (NCI3d) — alimony action — minimum contacts — pleadings insufficient**

    The trial court did not err in an alimony action in allowing defendant's motion under N.C.G.S. § 1A-1, Rule 12(b)(2) to dismiss the action based on defendant's lack of contact with North Carolina where the pleadings or other materials before the trial court did not indicate where the parties were married, that they shared a marital domicile in the State, that defendant has conducted activities here, owns property here, or other-

wise has invoked the protection of North Carolina laws. Plaintiff's allegations of defendant's marital misconduct, absent any allegations going to a nexus between such misconduct and this State, are insufficient to permit the reasonable inference that personal jurisdiction over defendant could properly be acquired; moreover, the mere fact that the marriage is still in existence at the time an action for alimony is initiated cannot of itself constitute sufficient contacts to establish personal jurisdiction over a foreign defendant.

**Am Jur 2d, Divorce and Separation § 552.**

Judge EAGLES dissenting.

APPEAL by plaintiff from order entered 8 August 1989 in SURRY County District Court by *Judge Clarence W. Carter*. Heard in the Court of Appeals 10 April 1990.

On 26 April 1989, plaintiff, a North Carolina resident, filed her complaint seeking permanent alimony from defendant, based on allegations that defendant, residing in South Carolina, had abandoned plaintiff and committed adultery. By her amended complaint filed on 7 June 1989, plaintiff added a claim for equitable distribution.

Defendant, without making a general appearance, interposed a motion to dismiss under Rule 12(b)(2) of the North Carolina Rules of Civil Procedure for lack of personal jurisdiction. By his affidavit in support of the motion, defendant stated, *inter alia*, that he had left the State of North Carolina more than three and one-half years prior to the commencement of this action, had resided in South Carolina since that time, owned no property in North Carolina, conducted no business in this State, and had not invoked the protection of North Carolina law for any purpose or reason since leaving this State.

The trial court found that it would have jurisdiction under G.S. § 1-75.4(12) in that this action arose out of the marital relationship. The trial court, however, further found and concluded that the assumption of personal jurisdiction over defendant would violate the dictates of *International Shoe* and its progeny because defendant did not have sufficient contacts with North Carolina.

From the order allowing defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, plaintiff appeals.

TOMPKINS v. TOMPKINS

[98 N.C. App. 299 (1990)]

*Sarah S. Stevens for plaintiff-appellant.*

*W. David White, P.A., by W. David White, for defendant-appellee.*

WELLS, Judge.

The settled law of this State requires the application of a two-pronged test to determine whether personal jurisdiction may be exercised over a foreign defendant. First, there must exist a statutory basis for exercising personal jurisdiction under the provisions of G.S. § 1-75.4, our long-arm statute. Second, the exercise of personal jurisdiction must comport with the due process requirements of the Fourteenth Amendment, as articulated by the United States Supreme Court in *International Shoe v. Washington*, 326 U.S. 310 (1945), and its progeny. *Schofield v. Schofield*, 78 N.C. App. 657, 338 S.E.2d 132 (1986); *see also Carroll v. Carroll*, 88 N.C. App. 453, 363 S.E.2d 872 (1988) (and cases cited therein). The question presented by this appeal pertains solely to the second prong of this test, namely, whether the trial court erred in concluding that defendant does not have sufficient contacts with this State to satisfy the requirements of due process. The resolution of this question, however, turns on the disposition of an underlying issue peculiar to the posture of this appeal, which we raise *ex mero motu*: whether we are bound by findings of fact that are manifestly erroneous on the face of the record, but to which error was not assigned.

To place this underlying issue in the appropriate context, we note that finding of fact number six in the trial court's order provides:

[N]one of the pleadings allege where the marriage of the parties took place, *only that during a portion of the marriage that the parties lived in North Carolina, and were living in North Carolina at the time of the separation.* (Emphasis added.)

Plaintiff's complaint seeking permanent alimony states in pertinent part:

1. That the Plaintiff is a resident of Surry County, North Carolina, and has been a resident of North Carolina for more than six (6) months next preceding the institution of this action.

2. That the Defendant is a resident of McCormick County, South Carolina.

TOMPKINS v. TOMPKINS

[98 N.C. App. 299 (1990)]

3. That the Plaintiff and Defendant were married to each other on June 23, 1984.

4. That the Plaintiff and Defendant were separated from each other in July, 1986, and have since such time lived continuously separate and apart from each other.

. . .

6. That the Defendant has abandoned the Plaintiff in that he brought their cohabitation to an end without justification, without the intent of renewing it, and without the consent of the Plaintiff.

That the Defendant has committed adultery[.]

Plaintiff's amended complaint, adding a second cause of action for equitable distribution, merely restates as a basis for jurisdiction paragraphs 1-4 above.

[1] The pleadings plainly assert no allegations whatsoever that the parties lived in North Carolina during a portion of the marriage or that they were living in this State at the time of separation. Thus, to the extent that it states otherwise, the trial court's finding of fact number six is manifestly erroneous on the face of the record. Error was not, however, assigned to this finding of fact by either party.

Ordinarily, where no exception is taken to the trial court's findings of fact, those findings will be binding on appeal. *Williams v. Williams*, 97 N.C. App. 118, 387 S.E.2d 217 (1990) (*citing Anderson v. Higgins*, 57 N.C. App. 650, 292 S.E.2d 159 (1982) ). Additionally, the scope of appellate review is generally confined only to a consideration of those assignments of error set out in the record on appeal. N.C. R. App. P., Rule 10. But "where error is manifest on the face of the record, even though it be not the subject of an exception, it is the duty of the Court to correct it, and it may do so of its own motion, that is, *ex mero motu.*" *Gibson v. Insurance Co.*, 232 N.C. 712, 62 S.E.2d 320 (1950); *In re Burrus*, 275 N.C. 517, 169 S.E.2d 879 (1969), *aff'd*, 403 U.S. 528 (1971); *see also* N.C. R. App. P., Rule 2 (court may suspend rules of appellate procedure "[t]o prevent manifest injustice to a party"). Nevertheless, such error will not be grounds for disturbing a judgment or order unless the failure to take corrective action amounts to the denial of a substantial right. N.C. Gen. Stat. § 1A-1, N.C. R. Civ. P., Rule

61 (1983). And we hasten to add the further caution that such a remedy is strictly limited to those rare circumstances where the error is so pronounced upon the face of the record that sound principles of jurisprudence will not permit it to be ignored.

Applying these standards to this case, we conclude that we are not bound by the manifestly erroneous finding of fact. Coupled with plaintiff's allegations of defendant's marital misconduct in abandoning her and committing adultery, the erroneous finding, if allowed to stand, would clearly warrant reversal of the order dismissing plaintiff's action on grounds of lack of personal jurisdiction over defendant. *See Sherwood v. Sherwood*, 29 N.C. App. 112, 223 S.E.2d 509 (1976) (allegations of marital residence and misconduct occurring in this State are sufficient to satisfy minimum contacts inquiry). Hence, failure to take corrective action would amount to the denial of a substantial right of defendant, namely, the constitutional right not to be compelled to defend an action in a foreign forum absent a demonstration that the requirements of due process have been satisfied. Because of the import of the error in this case, sound principles of jurisprudence will not permit it to be ignored. Accordingly, we must treat the erroneous portion of finding of fact number six as not binding on this Court.

[2] We now turn to the question of whether the trial court erred in concluding that defendant did not possess sufficient contacts with this State to satisfy the requirements of due process.

In *Buck v. Heavner*, 93 N.C. App. 142, 377 S.E.2d 75 (1989), this Court extensively reviewed the decisional precedents pertaining to the due process inquiry for exercising personal jurisdiction over a foreign defendant. We thus need not recite those precedents here. It suffices to add that "[t]here is no clear formula to determine whether the exercise of personal jurisdiction is justified; all decisions evolve ultimately into a test of reasonableness, fairness and justice in light of all circumstances surrounding the action." *Schofield, supra (citing Holt v. Holt*, 41 N.C. App. 344, 255 S.E.2d 407 (1979) ).

In *Schofield*, we held that minimum contacts did not exist where:

> There is nothing in the record to indicate where the parties were married . . . . There is no indication that the parties shared a matrimonial domicile in this State. The complaint was filed almost a year after defendant moved to New Jersey. There is nothing in the record to indicate that defendant has

conducted business or other activities in the State since she left, that she owns property here or that she has in any other way invoked the protection of the laws of North Carolina.

Similarly, the pleadings or other materials before the trial court in this case do not indicate where the parties were married, that they shared a marital domicile in this State, that defendant has conducted activities here, owns property here, or otherwise has invoked the protection of North Carolina laws.

Plaintiff, however, contends that defendant has sufficient contacts with North Carolina in that he abandoned plaintiff within this State and the marital relationship was still in existence at the time this action was brought. We disagree.

As we noted in our discussion above, the pleadings are devoid of any allegations that the parties resided here during a portion of the marriage or at the time of the separation. It is true that the failure to plead the particulars of personal jurisdiction is not necessarily fatal, so long as the facts alleged permit the reasonable inference that jurisdiction may be acquired. *See Williams v. Institute for Computational Studies*, 85 N.C. App. 421, 355 S.E.2d 177 (1987). However, plaintiff's allegations of defendant's marital misconduct, absent any allegations going to a nexus between such misconduct and this State, are simply insufficient to permit the reasonable inference that personal jurisdiction over defendant could properly be acquired in this case.

Finally, the mere fact that the marriage is still in existence at the time an action for alimony is initiated cannot of itself constitute sufficient contacts to establish personal jurisdiction over a foreign defendant. Were it otherwise, this State could exercise personal jurisdiction over a foreign defendant solely by virtue of a plaintiff's unilateral act of moving to North Carolina prior to the termination of the marriage. This is plainly impermissible. *See Buck v. Heavner, supra* (and cases cited therein); *see also Carroll v. Carroll*, 88 N.C. App. 453, 363 S.E.2d 872 (1988) (*citing Burger King v. Rudzewicz*, 471 U.S. 462 (1985)).

For these reasons, we conclude that the trial court did not err in allowing defendant's Rule 12(b)(2) motion and dismissing this action based on defendant's lack of contacts with this State sufficient to permit the exercise of personal jurisdiction.

Affirmed.

Judge GREENE concurs.

Judge EAGLES dissents.

Judge EAGLES dissenting.

I respectfully dissent.

We have often stated the rule that in the absence of a proper objection and exception, we are bound by the trial court's findings of fact. *See Smith v. Quinn*, 324 N.C. 316, 378 S.E.2d 28 (1989); *Matter of Moore*, 306 N.C. 394, 293 S.E.2d 127 (1982); *Dealers Specialties, Inc. v. Neighborhood Housing Serv., Inc.*, 305 N.C. 633, 291 S.E.2d 137 (1982); *Couch v. North Carolina Employment Sec. Comm'n*, 89 N.C. App. 405, 366 S.E.2d 574, *aff'd per curiam*, 323 N.C. 472, 373 S.E.2d 440 (1988); *Concrete Serv. Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 340 S.E.2d 755, *cert. denied*, 317 N.C. 333, 346 S.E.2d 137 (1986); *Anderson Chevrolet/Olds, Inc. v. Higgins*, 57 N.C. App. 650, 292 S.E.2d 159 (1982). By our appellate rules we confine the scope of an appeal to matters previously made the subject of a proper exception and assignment of error. App. R. 10(a).

Here, there was *no objection or exception* to the trial court's finding of fact, no assignment of error, no cross-assignment of error by appellee, and no argument in either brief as to the validity of any of the findings of fact.

The majority has examined the record on appeal (which was prepared by the parties with its focus on the assignments of error) and has determined that the trial court's finding of fact number 6 is not supported by the record and must be declared invalid.

I disagree because I believe we err when we depart from the orderly appellate review procedures we have utilized over the years and when we begin, for the first time at the appellate level, to challenge and strike down findings of fact to which neither of the adversary parties chose to question or take exception. Because there is no objection, exception, assignment of error or cross-assignment of error challenging finding of fact number 6, I believe we are bound by finding of fact number 6.

I agree with the majority that finding of fact number 6, coupled with plaintiff's other allegations of abandonment and adultery, would "clearly warrant reversal" of the order dismissing the action for lack of personal jurisdiction over the defendant. Accordingly, I would vote to reverse.