LUDY MARIE STROTHER v. JAMES EDWARDS STROTHER, JR., GEORGE T. ELDRIDGE, AND SAMUEL PINDER (A/K/A SAMUEL PINER)

No. COA94-812

(Filed 3 October 1995)

1. **Courts § 15 (NCI4th)— nonresident defendant—sufficient minimum contacts with North Carolina—exercise of in personam jurisdiction proper**

The trial court properly exercised *in personam* jurisdiction over one nonresident defendant where he flew to North Carolina and stayed for several days at the home of plaintiff and defendant husband to discuss and finalize the establishment of a business relationship with the Strothers; defendant subsequently received substantial fees for his services as financial, investment, and tax adviser to the Strothers who were North Carolina residents; defendant prepared monthly financial statements for Strother business entities in North Carolina which he regularly mailed to the Strothers in North Carolina; he was the incorporator of and claimed to own two-thirds of the stock of two North Carolina corporations which plaintiff asserted were marital assets; and defendant thus established sufficient minimum contacts with North Carolina to satisfy due process concerns.

**Am Jur 2d, Courts §§ 80, 81, 87, 88, 106, 107.**

**Construction and application of state statutes or rules of court predicating in personam jurisdiction over nonresidents or foreign corporations on making or performing a contract within the state. 23 ALR3d 551.**

**Comment note.—"Minimum contacts" requirement of Fourteenth Amendment's due process clause (Rule of *International Shoe Co. v. Washington*) for state court's assertion of jurisdiction over nonresident defendant. 62 L. Ed. 2d 853.**

2. **Courts § 15 (NCI4th)— nonresident defendant—resident plaintiff injured by actions outside North Carolina—business activities carried on in North Carolina—sufficient minimum contacts—due process satisfied**

The trial court properly exercised personal jurisdiction over one defendant who performed actions outside North Carolina which injured plaintiff in this state at the time business activities

were being carried on in North Carolina by a corporation of which defendant was a purported director, officer, and controlling shareholder; furthermore, defendant, in his capacity as majority stockholder and director of the corporation, caused a lawsuit to be filed in this state against plaintiff, filed an affidavit in support of the action, and thereby purposefully availed himself of the benefits and protections of the laws of this state so that exercise of personal jurisdiction over him by the North Carolina court satisfied due process.

**Am Jur 2d, Courts §§ 80, 81, 87, 88, 106, 107.**

**Construction and application of state statutes or rules of court predicating in personam jurisdiction over nonresidents or foreign corporations on making or performing a contract within the state. 23 ALR3d 551.**

**Comment note.—"Minimum contacts" requirement of Fourteenth Amendment's due process clause (Rule of *International Shoe Co. v. Washington*) for state court's assertion of jurisdiction over nonresident defendant. 62 L. Ed. 2d 853.**

Appeal by defendants George T. Eldridge and Samuel Pinder from order entered 2 May 1994 by Judge William B. Reingold in Forsyth County District Court. Heard in the Court of Appeals 19 April 1995.

*Davis & Harwell, P.A., by Joslin Davis and John A. Keiger, for plaintiff-appellee.*

*Robinson Maready Lawing & Comerford, L.L.P., by W. Thompson Comerford, Jr. and John N. Taylor, Jr., for defendant-appellants.*

McGEE, Judge.

In September 1993, plaintiff brought an action against defendant James Edward Strother, Jr., seeking divorce from bed and board, temporary and permanent custody of the parties' minor children, child support, temporary and permanent alimony, equitable distribution and attorney's fees. Plaintiff filed an amended complaint on 17 December 1993 adding claims under N.C. Gen. Stat. § 50-20 against George T. Eldridge (hereinafter Eldridge), a resident of Florida, and Samuel Pinder (a/k/a Samuel Piner) (hereinafter Pinder), a resident of the Bahamas, on the ground they "asserted an interest" in the marital

STROTHER v. STROTHER

[120 N.C. App. 393 (1995)]

property of plaintiff-appellee and defendant Strother. Defendants Eldridge and Pinder moved to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of service of process, and failure to state a claim. The trial court denied the motion to dismiss and from that denial, defendants appeal.

The sole issue brought forward on appeal is whether the trial court erred in denying defendants' motion to dismiss for lack of personal jurisdiction. We hold the court properly asserted personal jurisdiction.

To determine whether the trial court acquired *in personam* jurisdiction over defendants, two questions must be answered: 1) do the North Carolina General Statutes permit the extension of jurisdiction over the defendants; and 2) if so, is this exercise of power consistent with due process of law? *Dillon v. Funding Corp.*, 291 N.C. 674, 675, 231 S.E.2d 629, 630 (1977).

North Carolina's "long-arm" statute, N.C. Gen. Stat. § 1-75.4 (1983), answers the first question. In determining whether the "long-arm" statute permits our courts to entertain an action against a particular defendant, the statute should be liberally construed in favor of finding jurisdiction. *Marion v. Long*, 72 N.C. App. 585, 586, 325 S.E.2d 300, 302, *disc. review denied and appeal dismissed*, 313 N.C. 604, 330 S.E.2d 612 (1985).

Once it has been determined that G.S. § 1-75.4 permits the extension of personal jurisdiction, "[d]ue process demands that the maintenance of a lawsuit against a nonresident not offend 'traditional notions of fair play and substantial justice.'" *Buck v. Heavner*, 93 N.C. App. 142, 145, 377 S.E.2d 75, 77 (1989) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945)). We must ascertain "whether the defendant has purposefully established minimum contacts with the forum state so that he should reasonably anticipate being haled into court in that forum." *Id.* With regard to the "minimum contacts" test, the United States Supreme Court has held that "where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this . . . requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 85 L. Ed. 2d 528, 540-41 (1985)(citations omitted). Further, "parties who 'reach out beyond one state and create continuing relationships and

obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." *Id.* at 473, 85 L. Ed. 2d at 541 (citation omitted).

## I. Defendant Eldridge

[1] The "long-arm" statute in this state provides for *in personam* jurisdiction over parties against whom a claim is asserted if they are "engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise." G.S. § 1-75.4(1)(d). In 1987, Eldridge flew to North Carolina and stayed for several days at the Strothers' home to discuss and finalize the establishment of a business relationship with the Strothers. Since then Eldridge has received substantial fees for his services as financial, investment and tax advisor to the Strothers who are North Carolina residents. Eldridge prepared monthly financial statements for Strother business entities in North Carolina which he regularly mailed to the Strothers in North Carolina. He prepared the Strothers' joint tax returns for 1990, 1991, and 1992. Eldridge was the incorporator of and claims to own two-thirds of the stock of two North Carolina corporations which plaintiff asserts are marital assets. Until recently Eldridge was the trustee of the Ludy M. Strother Pension Plan and, in that capacity, owns several parcels of real property in North Carolina. We find that these activities constitute "substantial activity" within the meaning of G.S. § 1-75.4(1)(d).

Since statutory authority for *in personam* jurisdiction over defendant Eldridge exists, we next determine whether due process has been satisfied. The facts as previously summarized indicate that Eldridge has purposefully directed his business activities toward the Strothers in North Carolina and, therefore, "should reasonably anticipate being haled into court" in this state. *Buck*, 93 N.C. App. at 145, 377 S.E.2d at 77. Moreover, Eldridge has reached out beyond Florida and created continuing relationships and obligations with citizens of North Carolina, and as such is subject to regulation and sanctions in North Carolina for the consequences of his activities. *See Burger King Corp.*, 471 U.S. at 473, 85 L. Ed. 2d at 541. Eldridge has established sufficient minimum contacts with North Carolina to satisfy due process concerns.

Since the exercise of personal jurisdiction over Eldridge fulfills both the statutory requirement and the constitutional due process requirement, the trial court correctly denied Eldridge's motion to dismiss for lack of personal jurisdiction.

## II. Defendant Pinder

**[2]**  North Carolina courts may exercise personal jurisdiction under G.S. § 1-75.4(4) in any action claiming injury to person or property within North Carolina which arises out of an act or omission outside the state by the defendant, if at or about the time of the injury "[s]olicitation or services activities were carried on within this State by or on behalf of the defendant." G.S. § 1-75.4(4)(a).

In 1983, plaintiff and defendant Strother incorporated United Anesthesia Associates, Inc. (North Carolina) (hereinafter UAA(NC)). Plaintiff owns forty-nine percent of the UAA(NC) stock while defendant Strother owns fifty-one percent. In 1990 United Anesthesia Associates, Inc. (Nevada) (hereinafter UAA(NV)) was incorporated. At that time, the business operations of UAA(NC) outside of North Carolina were transferred to UAA(NV), although all business of both corporations was conducted at the Kernersville, North Carolina office. Defendant Pinder, a resident of the Bahamas, purports to be a director, officer, and controlling shareholder of UAA(NV), a corporation which plaintiff alleges is a marital asset owned entirely by her and defendant Strother. In November and December 1993, Pinder participated in meetings during which plaintiff was removed as an employee of UAA(NV) and her authority to conduct banking transactions for UAA(NV) was revoked. These actions by Pinder outside of North Carolina injured plaintiff in this state at the time business activities were being carried on by UAA(NV) in North Carolina, and thus, personal jurisdiction is appropriately extended under G.S. § 1-75.4(4)(a).

An exercise of power by the North Carolina court as authorized by the statute is consistent with due process when the "defendant engaged in some act or conduct by which it may be said to have invoked the benefits and protections of the law of the forum." *Dillon*, 291 N.C. at 679, 231 S.E.2d at 632. In 1993, Pinder, in his capacity as majority stockholder and director of UAA(NV), caused a lawsuit to be filed in this state against plaintiff in Forsyth County Superior Court and he filed an affidavit in support of the action. Pinder thereby purposefully availed himself of the benefits and protections of the law of this state. The exercise of personal jurisdiction over Pinder by the North Carolina court satisfies due process.

Since our statute permits the extension of jurisdiction over the defendant and with due process having been satisfied, the

trial court properly denied Pinder's motion to dismiss for lack of personal jurisdiction.

The trial court's order denying defendants' motion to dismiss for lack of personal jurisdiction is affirmed.

Affirmed.

Judges JOHNSON and COZORT concur.