COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Fitzpatrick
Argued at Salem, Virginia


KENNETH A. GRIMSHAW

v.   Record No. 2592-94-3          MEMORANDUM OPINION[*] BY
                                   CHIEF JUDGE NORMAN K. MOON
ROBBIE JEAN GRIMSHAW                      MARCH 19, 1996


              FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                       Ray W. Grubbs, Judge

          Robert C. Viar, Jr., for appellant.

          Max Jenkins (Jenkins & Jenkins, on brief) for
          appellee.



     Kenneth A. Grimshaw appeals from an order entering judgment
on an accumulated arrearage for spousal support pendente lite.
Grimshaw claims that the court had neither personal nor subject
matter jurisdiction to enter judgment on this arrearage.  We
dismiss the appeal.

     The trial judge did not sign the statement of facts prepared
by the appellant pursuant to Rule 5A:8(c).  We therefore must
determine whether a transcript or statement of facts is
indispensable to the determination of the issues on appeal.  See
Clary v. Clary, 15 Va. App. 598, 600, 425 S.E.2d 821, 822 (1993)
(per curiam).  We find that the appeal can be disposed of without
a transcript or statement of facts.

     Robbie Jean Grimshaw filed for divorce in Virginia in 1988.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

At the time the bill of complaint was filed, Mrs. Grimshaw had not been a resident of Virginia for six months as required by Code § 20-97. While the complaint was pending, the parties set a hearing on pendente lite support for November 18, 1988. Mrs. Grimshaw then dismissed her complaint in order to refile when the jurisdictional requirements were met. The parties did not abandon the pendente lite hearing, however; instead, they agreed to continue it until December 6, 1988. The change in dates, which the parties agreed to with the knowledge that the original complaint would be dismissed, was apparently made at the request of Mr. Grimshaw. Mrs. Grimshaw refiled a bill of complaint on November 14th, and sent formal notice of the pendente lite hearing to Mr. Grimshaw on the same date, setting forth the relief that would be requested at that hearing.

Mr. Grimshaw, who was living in North Carolina, was not personally served until December 13, 1988. Neither Grimshaw nor his attorney had appeared at the hearing on December 6th. However, the court found that Mr. Grimshaw had made a general appearance in the case when he agreed to the original pendente lite hearing and then requested that it be continued. Accordingly, the court ordered pendente lite spousal support of $1,950 per month.

While the action was pending in Virginia, Mr. Grimshaw was in the process of obtaining a divorce in North Carolina. Mr. Grimshaw had moved to North Carolina shortly before the parties agreed to separate, and Mrs. Grimshaw never lived there during

the marriage. Mrs. Grimshaw was served with the divorce pleadings by certified mail, but she did not answer or appear. The North Carolina court entered a divorce decree on December 12, 1988.

On February 21, 1989, Mr. Grimshaw filed an answer in the Virginia divorce case denying the allegations of the appellee and asserting lack of personal jurisdiction. He also filed motions to vacate the support order based on lack of personal jurisdiction and to modify the support order. On April 20, 1989, the trial court denied the motion to vacate but reduced the support award to $1,455 per month. The court held that it had personal jurisdiction over Grimshaw by virtue of his general appearance prior to the December 6 hearing. The court entered a judgment against Mr. Grimshaw for the four months' arrearage of $7,800, with the judgment to be docketed as a lien against the real estate owned by him. At Mr. Grimshaw's request, the court ordered that this judgment be considered final. Mr. Grimshaw did not appeal the order finding that the court had jurisdiction and reducing the arrearage to judgment. That ruling became a final determination that the court had personal jurisdiction over Mr. Grimshaw.

The court referred the case to a commissioner for a recommendation on equitable distribution and permanent spousal support. By order of January 13, 1992, the court found that it had personal jurisdiction over Mr. Grimshaw from entry of the pendente lite order onward, and adopted the commissioner's

- 3 -

recommendations on both support and equitable distribution.  The court also found that the North Carolina divorce decree was valid.  On February 12, 1992, the court determined the amount Mr. Grimshaw owed to Mrs. Grimshaw, including the accumulated support arrearage, and reduced the full arrearage to judgment.  The order Grimshaw seeks to appeal, entered on December 2, 1994, was simply one in a series of orders by the court determining the amounts owed by Grimshaw for both support and equitable distribution and seeking to enforce payment through garnishment.

Mr. Grimshaw argues that the order of pendente lite support entered on December 6, 1988, was void for lack of personal jurisdiction, and that a judgment for an arrearage based on this order cannot stand.  However, when Mr. Grimshaw filed his answer and motion asserting lack of jurisdiction, he placed the issue of jurisdiction before the court.  The court found that Grimshaw had made a general appearance in the case when the original complaint was pending, and on that basis found that it had personal jurisdiction over him in the refiled action as well.

While the trial court was correct that Mr. Grimshaw made a general appearance in the first divorce action when he requested that the support hearing be continued, see Kiser v. Amalgamated Clothing Workers, 169 Va. 574, 591, 194 S.E. 727, 734 (1938); New River Mineral Co. v. Painter, 100 Va. 507, 509, 42 S.E. 300, 301 (1902), it erred in holding that personal jurisdiction based on the general appearance carried over to the refiled bill of complaint.  Mrs. Grimshaw did not file an amended bill of

complaint; she nonsuited the original bill and filed anew. However, Mr. Grimshaw appeared in the second proceeding in which the court determined that personal jurisdiction over him extended to the date of his personal appearance. The court's erroneous decision that it retained jurisdiction over Mr. Grimshaw after the first action was nonsuited was voidable, and thus subject to challenge on direct appeal. See Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 389, 404 S.E.2d 388, 392-93 (1991). Because the court had personal jurisdiction over Mr. Grimshaw, it had the authority to determine when that jurisdiction attached and based upon that decision to determine and enter judgment for the support arrearage. That order became final twenty-one days after being entered. Rule 1:1. Mr. Grimshaw failed to appeal that order, and cannot attack the holding in the order through an appeal filed nearly six years later.

Moreover, Grimshaw placed himself within the court's jurisdiction as of February 21, 1989, only a few weeks after the original order of support. He did so when he requested affirmative relief in the form of a reduction in support, and continued to do so through his participation in the equitable distribution proceedings. On January 13, 1992, the court found that Grimshaw had consented to jurisdiction, and on February 12, 1992, reduced to judgment the arrearage for spousal support. The judgment against Mr. Grimshaw for spousal support was final twenty-one days after entry. Rule 1:1. That order was not appealed.

The trial court sought to enforce the February 12 order through additional orders. The order Grimshaw seeks to appeal, which reduced to judgment the mounting arrearages, ordered further garnishment, and continued the cause for contempt proceedings against Mr. Grimshaw, is such an order. These subsequent orders do not invalidate or supersede the February 12, 1992 order. An order that determines the rights of the parties is final even though further court action is necessary in order to enforce the order. Lee v. Lee, 142 Va. 244, 250, 128 S.E. 524, 526 (1925). Grimshaw's failure to appeal the February 12, 1992 order rendered that order final and conclusive. It cannot be attacked through appeal at this late date.

Grimshaw also claims that the trial court did not have subject matter jurisdiction to award spousal support. This claim was not raised before the trial court. However, objections to subject matter jurisdiction may be raised at any time and are not waivable. Owusu v. Commonwealth, 11 Va. App. 671, 672, 401 S.E.2d 431 (1991).

Mr. Grimshaw argues that the trial court did not have subject matter jurisdiction to award spousal support because the North Carolina decree did not award or reserve spousal support as an issue. Virginia recognizes the "divisible divorce" doctrine, and when a divorce is obtained ex parte in another state, Virginia courts grant full faith and credit to the ex parte decree insofar as it adjudicates marital status. However, full faith and credit is given on the issues of property and support

- 6 -

only if the foreign court had personal jurisdiction over the parties.  Newport v. Newport, 219 Va. 48, 54, 245 S.E.2d 134, 138-39 (1978); Gibson v. Gibson, 5 Va. App. 426, 429, 364 S.E.2d 518, 519 (1988).

To determine whether the North Carolina court obtained personal jurisdiction over Mrs. Grimshaw, we must examine North Carolina law.  See Ceyte v. Ceyte, 222 Va. 11, 13, 278 S.E.2d 791, 792 (1981).  Under North Carolina law, and indeed as a matter of due process, the court could not obtain personal jurisdiction over Mrs. Grimshaw due to her lack of contacts in the state.  See Tompkins v. Tompkins, 98 N.C.App. 299, 303-04, 390 S.E.2d 766, 769 (Ct. App. 1990).  Therefore, the trial court did not err in failing to defer to the North Carolina court on the issue of support, and had subject matter jurisdiction to make an award of support.

The trial court's award of support was not void for lack of jurisdiction.  Mr. Grimshaw's failure to appeal the final orders of April 21, 1989 and February 12, 1992 deprived this Court of jurisdiction to hear his appeal of issues decided in those orders.  Therefore, his appeal is dismissed.

Appeal dismissed.