DOUGLAS WOHLFAHRT AND WIFE, LYNN WOHLFAHRT v. LARRY G. SCHNEIDER, M.D.

No. 825SC1254

(Filed 21 February 1984)

**Constitutional Law § 24.7; Process § 9.1— nonresident defendant—jurisdiction— minimum contacts**

In an action in which plaintiffs, who reside in North Carolina, sued defendant, a resident of Texas, for the balance allegedly due them under the terms of a note executed by defendant incident to purchasing various articles of medical equipment, the trial court properly found our courts could exercise *in personam* jurisdiction over defendant since defendant's promise in the note to make payments to plaintiff in Wilmington, North Carolina was clearly a promise to deliver a thing of value within this state within the purview of G.S. 1-75.4(5) and constituted a sufficient contact with this state so as to satisfy due process.

APPEAL by defendant from *Barefoot, Judge.* Order entered 9 August 1982 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 21 October 1983.

The plaintiffs, who reside in New Hanover County, North Carolina, sued defendant, a resident of Harris County, Texas, for the $43,500 balance allegedly due them under the terms of a note executed by defendant incident to purchasing various articles of medical equipment from plaintiffs. The note, secured by a security agreement covering the articles purchased, required defendant to pay plaintiffs or their order in Wilmington, North Carolina $1,034.87 or more each month, beginning November 1, 1981 and continuing monthly thereafter, until the principal balance, together with interest thereon at the rate of 15% per annum, was paid; but according to the complaint defendant made no payments on the note and under its terms the full amount became due. Copies of the complaint, summons, note, and security agreement were served on defendant in Texas. The defendant, before answering or otherwise pleading, specially appeared and moved to dismiss on the grounds that the court had no jurisdiction over his person or property. According to defendant's affidavit, which accompanied the motion to dismiss, neither he nor the equipment that he bought from plaintiffs had ever been in this state and he had never engaged in any kind of activity herein.

After considering the complaint, summons, note, security agreement, motion and affidavit, the trial judge found and concluded that the court did have *in personam* jurisdiction over the defendant and denied the motion.

*Elton G. Tucker for plaintiff appellees.*

*Murchison, Taylor & Shell, by Joseph O. Taylor, Jr., for defendant appellant.*

PHILLIPS, Judge.

Defendant's appeal challenges the power of our courts to exercise *in personam* jurisdiction over him in this action. When a non-resident defendant contests *in personam* jurisdiction, a two step process is required. *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977). The first step is to determine whether a statute authorizes the exercise of jurisdiction over a non-resident defendant under the circumstances involved. In this instance, there is statutory authority for the exercise of personal jurisdiction over the non-resident defendant. G.S. 1-75.4(5) confers jurisdiction to our courts in any action which

. . . .

    c. Arises out of a promise, made anywhere to the plaintiff or
to some third party for the plaintiff's benefit, by the de-
fendant to deliver or receive within this State, or to ship
from this State goods, documents of title, or other things
of value.

. . . .

Obviously, money is a thing of value, and defendant's promise in
the note to make payments to plaintiff in Wilmington, North Car-
olina was clearly a promise to deliver a thing of value within this
state, and thus within the purview of the statute. *Pope v. Pope*,
38 N.C. App. 328, 248 S.E. 2d 260 (1978). The second step is to
determine whether permitting the non-resident defendant to be
sued in the particular case violates due process of law, as
guaranteed by the Constitution of the United States. "This is the
crucial inquiry and the ultimate determinative factor in assessing
whether jurisdiction may be asserted under the 'long-arm'
statute." *Phoenix America Corp. v. Brissey*, 46 N.C. App. 527,
530, 265 S.E. 2d 476, 479 (1980). In our opinion this suit against
the defendant meets the requirements of due process, and the
order appealed from is affirmed.

    In determining whether a suit against a non-resident defend-
ant meets due process, we have few principles and no reliable
rules of thumb to guide us. Before a non-resident defendant can
be subjected to *in personam* jurisdiction, however, it is necessary
that he have had at least minimum contact with the forum state
theretofore. *International Shoe Co. v. Washington*, 326 U.S. 310,
90 L.Ed. 95, 66 S.Ct. 154 (1945). The nature of the necessary con-
tact has not been clearly defined as yet, but the importance of its
relationship to the suit has been stressed. "[T]he relationship
among the defendant, the forum, and the litigation [is the] central
concern of the inquiry into personal jurisdiction." *Shaffer v.
Heitner*, 433 U.S. 186, 204, 53 L.Ed. 2d 683, 698, 97 S.Ct. 2569,
2580 (1977). A single contact that has a substantial connection
with the forum state can be sufficient. *McGee v. International
Life Insurance Co.*, 355 U.S. 220, 2 L.Ed. 2d 223, 78 S.Ct. 199
(1957). In the last analysis, however, as has been held in each of
the foregoing decisions and many others by the Supreme Court of
the United States, as well as by our own Supreme Court in *Farm-*

*er v. Ferris*, 260 N.C. 619, 133 S.E. 2d 492 (1963), due process depends upon whether it is fair and reasonable to require a nonresident defendant to litigate the particular case involved in the forum state. Requiring the defendant to litigate his obligation under the note here seems entirely fair to us. He is the one that promised to make the note payments here, and in doing so he must have anticipated that here is where he would be sued if the payments were not made. Thus, the suit will be permitted to go forward.

Defendant cites *Hanson v. Denckla*, 357 U.S. 235, 2 L.Ed. 2d 1283, 78 S.Ct. 1228 (1958) for the proposition that making payments in the forum state by itself is an insufficient contact to justify a state exercising jurisdiction over a non-resident defendant. But the circumstances in that case are materially different from the circumstances of this case, and in our judgment that case has no application to this one. In *Hanson*, the only contact that the defendant trustee, a Delaware resident, had with Florida, the forum state, was remitting trust income to the plaintiff settlor who *moved* there after the trust had been set up and was operating; whereas, in this case, as has been stated, defendant contracted to make the payments here from the outset.

Affirmed.

Judges WEBB and EAGLES concur.