## CIRCUIT COURT OF THE CITY OF RICHMOND

Ed N. Warren et al.

v.

Alfred R. Elmore, Sr., et al.

July 10, 1987

Case No. LK 2302-4

By JUDGE MELVIN R. HUGHES, JR.

This case. . . came on for a hearing and argument on July 9, 1987.

This is a suit to domesticate a North Carolina default judgment on a promissory note given by a corporation which defendant Robert L. Petruccdoni is a principal and a guarantor on the instrument. Defendant argues the North Carolina court was without jurisdiction and therefore this court should not allow the judgment to be enforced.

The parties agree and have stipulated to the materials facts and submit the case to the Court for a determination as a matter of law.

Plaintiff argues the judgment is worthy of credit in Virginia because the note is payable in North Carolina and the defendant received the benefit of the loan proceeds from North Carolina even though those proceeds went toward the purchase of two stores located in Virginia.

Defendant argues the judgment is not worthy of credit in Virginia because defendant executed the note here and has not had any dealings or contact with North Carolina except for, perhaps, occasional, isolated social visits there unrelated to the underlying transaction.

Plaintiff relies on North Carolina Gen. Stat. Sect.

1-75.4(5)(a), Chapter 1, Civil Procedure, that state's long arm statute which states:

> Local Services, Goods or Contracts -- In any action which: a. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff.

At the hearing, counsel discussed two North Carolina cases. The court took the matter under advisement to read the cases: *Wohlfarht v. Schneider*, 311 S.E.2d 686 (1984), and *United Buying Group, Inc. v. Coleman*, 251 S.E.2d 610 (1979). Plaintiff's counsel also cited *International Shoe Company v. State of Washington*, 326 U.S. 310 (1945), and *Shaffer v. Heitner*, 433 U.S. 186 (1877).

I mentioned at the hearing there was another case to add to this line which came to mind but I could not name, "decided in the last 4-6 years." That case is *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). While this case suggests to me the Supreme Court of the United States is heading towards a restrictive view of what is sufficient contact with a forum state, I think the Court is still firmly committed to the minimum contact test.

I certainly agree with the approach the North Carolina Courts take in *Wohlfarht* and *United Buying Group*. Counsel do not dispute the application of N.C. Gen. Stat. Sect. 1-75/4(5)(a) but, again, dispute the due process implications in the matter.

As mentioned in *United Buying Group*, this defendant, as a principal-guarantor of the corporate obligor, enjoyed the benefits and protection of the laws of North Carolina by receiving the loan proceeds from that state and by the term for payment there such that a minimum contact consistent with concepts of fair play and substantial justice exists to make him subject to that state's jurisdiction. The facts and circumstances of this arrangement establishes "conduct and connection with the forum state . . . such that he should reasonably anticipate being haled into court there. . . citations omitted." *Worldwide Volkswagen Corp. v. Woodson, supra*, at 297.

Counsel for plaintiff is directed to submit a sketch for order in plaintiff's favor with defendant's exceptions preserved therein.