LIBERTY FINANCE CO. v. NORTH AUGUSTA COMPUTER STORE

[100 N.C. App. 279 (1990)]

LIBERTY FINANCE CO. & GEM & CO., PARTNERS IN A NORTH CAROLINA PARTNERSHIP KNOWN AS LIBERTY FINANCE COMPANY, AND J. HAROLD SMITH, JAMES H. SMITH, JR., WILLIAM H. SMITH AND ALYSE S. COOPER, GENERAL PARTNERS IN A NORTH CAROLINA PARTNERSHIP KNOWN AS GEM & CO. v. NORTH AUGUSTA COMPUTER STORE, INC.

No. 8918DC1371

(Filed 18 September 1990)

**1. Appeal and Error § 418 (NCI4th) — failure to set forth argument — failure to state basis for error**

Defendant abandoned two assignments of error by failing to set forth an argument in its brief for one and failing to state the basis on which the error was assigned for the other; however, the court chose to address the merits of defendant's argument concerning that assignment of error.

**Am Jur 2d, Appeal and Error §§ 691-693.**

**2. Process § 14.2 (NCI3d) — personal jurisdiction over nonresident corporate defendants — long-arm statute**

N.C.G.S. § 1-75.4 and N.C.G.S. § 55-145 authorize the exercise of personal jurisdiction over defendant where defendant was an out-of-state corporation which applied for and received a line of credit from a North Carolina company, used that line of credit to purchase computer equipment from the North Carolina company, and then failed to make payments for the equipment.

**Am Jur 2d, Process §§ 190, 191.**

**3. Process § 14.3 (NCI3d) — nonresident corporate defendant — minimum contacts**

Defendant in an action to collect money owed to plaintiff as an assignee of an account receivable arising from the purchase of computer equipment did not meet its burden of showing error in the denial of its motion to dismiss for lack of jurisdiction. Defendant merely alleged that the court relied on incompetent evidence and did not direct the court to any particular place in the record which would support its position; moreover, there was evidence which supported the trial court's findings that the defendant applied for credit from a North Carolina company, ordered computer equipment on the approved line of credit, and a North Carolina corporation ac-

cepted the equipment order in North Carolina and shipped the equipment to defendant in South Carolina. The acceptance of the computer order was the last act needed to form the contract and the contract was accordingly made in North Carolina, so that there was a substantial connection with North Carolina; defendant purposefully acted to avail itself of the privilege of conducting activities within the State of North Carolina by entering its order for computer products with the North Carolina company; and traditional notions of fair play and substantial justice are not offended by requiring defendant to litigate in North Carolina.

**Am Jur 2d, Process §§ 190, 191.**

APPEAL by defendant from order entered 19 October 1989 by *Judge Thomas G. Foster* in GUILFORD County District Court. Heard in the Court of Appeals 22 August 1990.

*Nichols, Caffrey, Hill, Evans & Murrelle, by William L. Stocks, for plaintiff-appellees.*

*Stern, Graham & Klepfer, by Donald T. Bogan, for defendant-appellant.*

GREENE, Judge.

The defendant appeals from an order entered on 20 October 1989 denying its motion to dismiss for lack of personal jurisdiction.

The trial court found the following facts: During 1988, Computer Components Corporation (Components) conducted its business of selling computer equipment out of Wake County, North Carolina. In conducting its business, Components would receive and accept orders for computer equipment from its customers, and then Components would ship the equipment to its customers.

During the latter part of 1988, North Augusta Computer Store, Inc. (defendant) sought credit from Components when a representative of the defendant filled out a credit application and forwarded that application from its place of business in South Carolina to Components in North Carolina. Later in the year, a Components' representative telephoned the defendant and informed the defendant's representative that credit had been approved for the defendant. During this telephone conversation, the defendant ordered computer equipment from Components. During this conversation,

the Components' representative was in North Carolina, and the defendant's representative was in South Carolina. In early December 1988, Components shipped the ordered equipment to the defendant.

During 1988, Liberty Finance Company (plaintiff) was a North Carolina company engaged in accounts receivable financing. After Components shipped the equipment to the defendant, Components, pursuant to a financing arrangement with the plaintiff, assigned to the plaintiff the account receivable due and owing from the defendant for the shipped equipment. Under this arrangement, Components assigned to the plaintiff all its rights, title, and interest in the account receivable due and owing from the defendant.

On 16 December 1988, Components filed for relief under Chapter 7 in the United States Bankruptcy Court for the Eastern District of North Carolina. On 22 December 1988, the plaintiff filed a motion for relief from stay in the Chapter 7 case involving Components. Plaintiff sought an order permitting it to proceed with the collection of the accounts receivable which Components had assigned to the plaintiff. On 24 January 1989, the United States Bankruptcy Court entered an order which authorized the plaintiff to take such steps as were necessary to collect the accounts receivable assigned to the plaintiff by Components.

On 26 June 1989, the plaintiff filed this action against the defendant to collect the amount allegedly due and owing from the defendant to the plaintiff as assignee of an account receivable. On 26 July 1989, the defendant filed a motion to dismiss the complaint for lack of personal jurisdiction. The trial court denied the motion concluding that North Carolina statutes authorize its exercise of *in personam* jurisdiction over the defendant, and that exercise of this jurisdiction does not violate the defendant's rights to due process.

---

The issue presented by this appeal is whether personal jurisdiction may be exercised over an out-of-state defendant who applied for and received a line of credit from a North Carolina company, used that line of credit to purchase computer equipment from the North Carolina company, but then failed to make payments for the equipment it received under the line of credit.

[1] We note at the outset that the defendant has abandoned its first assignment of error. In it, the defendant assigned error to

the trial court's alleged consideration of hearsay statements contained in the plaintiffs' affidavits when the district court ruled on the defendant's motion to dismiss. As the defendant failed to set forth an argument in its brief on this assignment of error, the assignment is taken as abandoned. N.C.R. App. P. 28(b)(5). *See In re Appeal from Environmental Management Comm.*, 80 N.C. App. 1, 341 S.E.2d 588, *disc. rev. denied*, 317 N.C. 334, 346 S.E.2d 139 (1986) (party must argue assignment of error in order to obtain appellate review).

We additionally note that the defendant has abandoned its second assignment of error. "Each assignment of error shall . . . state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C.R. App. P. 10(c)(1). *See Kimmel v. Brett*, 92 N.C. App. 331, 374 S.E.2d 435 (1988) (assignment of error must state grounds upon which the error is assigned). Here, the defendant's second assignment of error reads as follows:

2. The trial court erred in denying Defendant's Motion to Dismiss.

(EXCEPTION NOS. 8-10)

This assignment of error fails to state the basis upon which the error is assigned and is therefore deemed abandoned. However, we have chosen to suspend application of N.C.R. App. P. 10(c)(1) and address the merits of the defendant's argument regarding this assignment of error pursuant to N.C.R. App. P. 2.

[2]  To decide the issue of whether or not personal jurisdiction exists over an out-of-state defendant, we must make a two-part inquiry. *Tompkins v. Tompkins*, 98 N.C. App. 299, 301, 390 S.E.2d 766, 767 (1990). First, we must decide if the transaction at issue is covered by a "long arm" statute. *Cherry, Bekaert & Holland v. Brown*, 99 N.C. App. 626, 394 S.E.2d 651 (1990). If so, we must then decide if exercise of the statutory grant of jurisdiction violates the federal due process clause. *Id.* As to the first step in the required analysis, the trial court concluded that both N.C.G.S. § 1-75.4 (1983) and N.C.G.S. § 55-145 (1982) authorized its exercise of personal jurisdiction over the defendant. As we agree, and as neither party questions the trial court's conclusion on this matter, we proceed to the real issue in this case, that is, whether exercise of jurisdiction over the defendant will violate the requirements of due process.

[3]   The due process clause requires that

> there must exist 'certain minimum contacts [between the non-resident defendant and the forum] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' . . . In each case, there must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws; the unilateral activity within the forum state of others who claim some relationship with a non-resident defendant will not suffice. . . . This relationship between the defendant and the forum must be 'such that he should reasonably anticipate being haled into court there.'

*Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 365, 348 S.E.2d 782, 786 (1986) (citations omitted). Because the defendant challenged the trial court's authority to exercise personal jurisdiction under the due process clause requirements, the plaintiff had the burden before the trial court to establish jurisdiction. *Carroll v. Carroll*, 88 N.C. App. 453, 363 S.E.2d 872 (1988).

The defendant argues that the plaintiff could not have met its burden of proving jurisdiction because the plaintiff "offered no competent evidence to support the District Court's assertion of personal jurisdiction," and that therefore, the trial court relied upon incompetent evidence in concluding that minimum contacts existed. We disagree. Since the defendant argues that the trial court relied on incompetent evidence in reaching its decision, the defendant has the burden of showing that the trial court relied on such evidence. *Best v. Best*, 81 N.C. App. 337, 344 S.E.2d 363 (1986). Here, the defendant has merely alleged that the trial court relied on incompetent evidence and has not directed this Court in its brief to any particular place in the record which would support its position. Thus, the defendant has not met its burden of showing error on the trial court's part. Moreover, even if the plaintiff presented some incompetent evidence to the court, if there was "competent evidence in the record supporting the court's findings, we [will] presume that the court relied upon it and disregarded the incompetent evidence." *Best*, 81 N.C. App. at 342, 344 S.E.2d at 366. Here, it is not disputed that the following evidence contained in the defendant's affidavits was competent:

North Augusta Computer Store, Inc. agreed to purchase equipment from Computer Components Corporation following a phone solicitation placed from Computer Components Corporation to me at North Augusta Computer Store, Inc. in North Augusta, South Carolina on November 22, 1988. I am the only person who spoke directly with the representative of the Computer Components Corporation. I had one telephone conversation with the caller on November 22, 1988 where the representative from Computer Components Corporation announced that we had been authorized for a Ten Thousand Dollars ($10,000.00) line of credit which we could use immediately to purchase product from Computer Components Corporation. During the one phone conversation I had with the Computer Components Corporation representative, I put the caller on hold and checked with the president of our company, Daniel Sanders, for authorization to purchase products from Computer Components Corporation. Upon receiving authorization, I returned to the Computer Components ~~Corporation~~ representative and ordered various products from Computer Components Corporation, to be delivered to North Augusta, South Carolina.

In December of 1988, North Augusta Computer Store, Inc. received various equipment from the Computer Components Corporation which was delivered to our retail store in North Augusta, South Carolina. The product which we received from Computer Components Corporation has never worked and is not in conformance with our contract to purchase such a product.

We quote the following from her second affidavit:

The long-hand printing on the Credit Application, except for the notations in a different handwriting and not in designated lined areas, is my handwriting. Additionally, the signature and date at the end of the Credit Application is my handwriting.

. . . .

In my job as Secretary and Treasurer of North Augusta Computer Store, Inc., I have routinely received unsolicited credit applications in the mail from many, many vendors. I routinely fill out and return these credit applications, in case our company may need more vendors in the future. This is a particularly routine function in the fall, prior to the Christmas

sales season, when new vendors may be required to accommodate increased Christmas sales.

Included in the affidavits is a copy of the credit application which shows that Components' address was in North Carolina.

This evidence supports the trial court's findings that the defendant applied for credit from a North Carolina company; that defendant ordered computer equipment on an approved line of credit; that Components accepted the defendant's equipment order in North Carolina and shipped the equipment to the defendant in South Carolina. These findings support, within the due process clause, the trial court's conclusion that it had jurisdiction over the defendant.

Due process is satisfied if the defendant entered into a contract with plaintiff which has a "substantial connection" with the forum state and such connection was the result of *"an action of the defendant purposefully directed toward the forum state." Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 112, 94 L.Ed.2d 92, 104 (1987) (emphasis in original). A "substantial connection" exists if the contract is made in the state attempting to exercise jurisdiction. *Unitrac, S.A. v. Southern Funding Corp.,* 75 N.C. App. 142, 145, 330 S.E.2d 44, 46 (1985). "[A] contract is made in the place where the last act necessary to make it binding occurred." *Tom Togs, Inc.* at 365, 348 S.E.2d at 785. Here the acceptance by Components in North Carolina of the defendant's computer order was the last act needed to form the contract. Accordingly, the contract was made in the State of North Carolina and therefore the contract has a "substantial connection" with North Carolina. Furthermore, when the defendant entered its order for computer products with the North Carolina company, it purposefully acted in a manner so as to avail itself of the "privilege of conducting activities" within the State of North Carolina and thus invoked "the benefits and protections of [the North Carolina] laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 2 L.Ed.2d 1283, 1298, *reh'g denied,* 358 U.S. 858, 3 L.Ed.2d 92 (1958); *see also Asahi,* 480 U.S. at 112, 94 L.Ed.2d at 104.

We find this case indistinguishable from *Wohlfahrt v. Schneider,* 66 N.C. App. 691, 311 S.E.2d 686 (1984). In that case, the defendant, a Texas resident, purchased various pieces of medical equipment from the plaintiffs, North Carolina residents. Incident to this *single* purchase, the defendant executed a promissory note for the balance

of the purchase price. Although the defendant was supposed to make payments due under the note to the plaintiffs in North Carolina, the defendant made no such payments. The plaintiffs sued the defendant. The defendant moved to dismiss the case on the grounds that the North Carolina courts had no personal jurisdiction over him. This Court disagreed holding that

> due process depends upon whether it is fair and reasonable to require a non-resident defendant to litigate the particular case involved in the forum state. Requiring the defendant to litigate his obligation under the note here seems entirely fair to us. He is the one that promised to make the note payments here, and in doing so he must have anticipated that here is where he would be sued if the payments were not made.

*Wohlfahrt*, 66 N.C.· App. at 694, 311 S.E.2d at 688.

We conclude that the traditional notions of fair play and substantial justice are not offended by requiring the defendant to litigate in the North Carolina courts its alleged failure to make payments due to the plaintiff. The defendant should reasonably have anticipated being haled into court in North Carolina should it fail to make payments for the computer equipment. Therefore, the order of the trial court denying the defendant's motion to dismiss is

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.