WILLIAM LAWSON BROWN, III, Plaintiff v. MARK P. ELLIS, Defendant

No. COA06-710

(Filed 3 July 2007)

**Jurisdiction— long-arm—alienation of affections-out-of-state defendant**

The trial court did not have long-arm jurisdiction over defendant under N.C.G.S. § 1-75.4 in an alienation of affections claim where there was no evidence that defendant solicited plaintiff's wife while she was in North Carolina, and it is undisputed that defendant has never been in North Carolina.

Appeal by defendant from judgment entered 2 February 2005 by Judge Melzer A. Morgan, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 5 February 2007.

*Nix & Cecil, by Lee M. Cecil, for plaintiff-appellee.*

*Foreman Rossabi Black, P.A., by T. Keith Black and William F. Patterson, Jr., for defendant-appellant.*

STROUD, Judge.

Defendant Mark P. Ellis appeals from the judgment of the trial court awarding compensatory and punitive damages to plaintiff William Lawson Brown, III for alienation of affections. We hold that the judgment of the trial court is void because the trial court did not have personal jurisdiction over defendant. Accordingly, we vacate the judgment of the trial court.

### I. Background

Plaintiff is a resident of Guilford County, North Carolina. He lived with his wife until the occurrence of the events alleged in the complaint. Defendant is a resident of Orange County, California, who has never visited North Carolina. Defendant and plaintiff's wife were co-workers, who communicated regularly by phone and by e-mail. Some of the phone conversations occurred in the presence of plaintiff. Defendant and plaintiff's wife were together at a business meeting in Seattle, which included a recreational trip to Vancouver with co-workers.

Plaintiff filed a complaint on 13 September 2002, alleging that defendant alienated the affections of and engaged in criminal conver-

sation with his spouse. On 2 December 2002, defendant filed a Motion Pursuant to Rule 12, asking the trial court to dismiss the action for lack of personal jurisdiction. The trial court denied defendant's motion by order entered 6 April 2004. The trial court did not make specific findings of fact in its order, but concluded that "North Carolina has personal jurisdiction over the defendant" pursuant to N.C. Gen. Stat. § 1-75.4 (the "long-arm" statute) and that the exercise of personal jurisdiction "does not violate due process."

The case proceeded to trial, coming before a jury in Superior Court, Guilford County on 2 February 2005.[1] The jury found against defendant on all issues, and judgment was entered by the trial court against defendant in the amount of $350,000 in compensatory damages, and $250,000 in punitive damages (reduced by the trial court from the jury award of $350,000). Defendant appeals from the 2 February 2005 judgment.

## II. Issue and Analysis

Defendant contends that the trial court erred by concluding that the State of North Carolina had personal jurisdiction over him pursuant to N.C. Gen. Stat. § 1-75.4 and by concluding that the exercise of personal jurisdiction did not violate defendant's due process rights. We agree.

Plaintiff argues that the long-arm statute authorizes personal jurisdiction over defendant, contending that "[s]olicitation or services activities were carried on within this State by or on behalf of the defendant." N.C. Gen. Stat. § 1-75.4(4)(a) (2005). Plaintiff further argues that this case is controlled by *Cooper v. Shealy*, 140 N.C. App. 729, 734, 537 S.E.2d 854, 857 (2000) (holding that allegations that a South Carolina defendant telephoned plaintiff's husband in North Carolina to solicit his affections were sufficient to authorize personal jurisdiction under N.C. Gen. Stat. § 1-75.4(4)(a)). However, we find the case *sub judice* more analogous to *Eluhu v. Rosenhaus*, 159 N.C. App. 355, 583 S.E.2d 707 (2003) (holding that the trial court did not have personal jurisdiction when defendant's only contact with plaintiff's spouse in North Carolina was during a three-day period in which no misconduct was alleged), *aff'd per curiam*, 358 N.C. 372; 595 S.E.2d 146 (2004).

---

1. Neither defendant nor his attorney were present at trial, defendant having received notice of the trial date at his residence in California only two days before the scheduled date of the trial.

BROWN v. ELLIS

[184 N.C. App. 547 (2007)]

In considering an order denying a 12(b)(2) motion to dismiss for want of personal jurisdiction when the trial court makes no specific findings of fact, this Court "review[s] the record to determine whether it contains any evidence that would support the trial judge's conclusion that the North Carolina courts may exercise jurisdiction over defendants without violating defendants' due process rights." *Banc of America Securities, LLC, v. Evergreen Intern. Aviation, Inc.*, 169 N.C. App. 690, 693-95, 611 S.E.2d 179, 182-83 (2005).

Review of whether a nonresident is subject to personal jurisdiction in North Carolina has two steps. This Court must first determine whether N.C. Gen. Stat. § 1-75.4 authorizes the exercise of personal jurisdiction over the defendant. *Skinner v. Preferred Credit*, 361 N.C. 114, 119, 638 S.E.2d 203, 208 (2006). "In determining whether the 'long-arm' statute permits our courts to entertain an action against a particular defendant, the statute should be liberally construed in favor of finding jurisdiction." *Strother v. Strother*, 120 N.C. App. 393, 395, 462 S.E.2d 542, 543 (1995). A determination that the long-arm statute does not authorize jurisdiction ends the inquiry. If the long-arm statute does authorize the exercise of personal jurisdiction, this Court next determines whether the trial court's exercise of personal jurisdiction over the defendant comports with due process of law. *Skinner*, 361 N.C. at 119, 638 S.E.2d at 208.

Plaintiff offers the following facts in an attempt to show that defendant carried on solicitation activities in the State of North Carolina sufficient to authorize the exercise of personal jurisdiction over defendant: 1) plaintiff is a resident of North Carolina; 2) plaintiff's wife lived with plaintiff; 3) defendant made phone calls to plaintiff's wife in the presence of plaintiff (although there is no allegation regarding where these calls were actually received); and 4) evidence as to defendant's telephonic contacts with plaintiff's wife can be found in North Carolina (although nothing in the record indicates that actual evidence of such contacts was forecast).

After review of the record, we conclude that it contains no evidence to support the trial court's conclusion that the State of North Carolina may exercise personal jurisdiction over defendant pursuant to the long-arm statute. Even liberally construed, these facts offer no evidence that defendant solicited plaintiff's wife while she was in North Carolina. The case *sub judice* is distinguishable from *Cooper*, because plaintiff does not allege that his wife was physically present in the State of North Carolina *at the time of defendant's alleged solic-*

*itations.* The only allegations of the location of any communication or contacts between defendant and plaintiff's wife are outside of North Carolina, and it is undisputed that defendant has never even visited North Carolina.

Accordingly, we vacate the trial court judgment of 2 February 2005 awarding compensatory and punitive damages to plaintiff for alienation of affections. Because we conclude that North Carolina does not have personal jurisdiction over defendant under the long-arm statute, we need not reach defendant's constitutional argument that exercise of personal jurisdiction over him would violate due process of law.

VACATED.

Chief Judge MARTIN and Judge HUNTER concur.