WILLIAM LAWSON BROWN, III v. MARK P. ELLIS

No. 389PA07

(Filed 18 June 2009)

**Jurisdiction— nonresident defendant—telephone and e-mail communications—long-arm statute**

Plaintiff's complaint alleged sufficient facts to authorize the exercise of personal jurisdiction over the nonresident defendant pursuant to N.C.G.S. § 1-75.4(4)(a) in an action for alienation of affection and criminal conversation, although the complaint did not specifically state that plaintiff's wife was physically located in North Carolina at the time she received telephonic and e-mail communications from defendant, where plaintiff alleged that he resided in Guilford County with his wife and daughter; defendant initiated frequent and inappropriate telephone and e-mail conversations with plaintiff's wife on an almost daily basis; defendant and plaintiff's wife discussed their sexual and romantic rela-

tionship in the presence of plaintiff and his minor child; and defendant's alienation of his wife's affections occurred within the jurisdiction of North Carolina.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 184 N.C. App. 547, 646 S.E.2d 408 (2007), vacating a judgment dated 2 February 2005 entered by Judge Melzer A. Morgan Jr. in Superior Court, Guilford County. Heard in the Supreme Court 31 March 2009.

*Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene and Tobias S. Hampson; and Nix and Cecil, by Lee M. Cecil, for plaintiff-appellant.*

*Forman Rossabi Black, P.A., by T. Keith Black and William F. Patterson, Jr., for defendant-appellee.*

PER CURIAM.

The issue on appeal is whether plaintiff alleged sufficient facts in his complaint to support the trial court's determination that personal jurisdiction over defendant exists under North Carolina's long-arm statute. We conclude the allegations set forth in the complaint permit the exercise of personal jurisdiction over defendant pursuant to N.C.G.S. § 1- 75.4(4)(a), and we therefore reverse and remand this case to the North Carolina Court of Appeals.

Plaintiff filed his verified complaint in Superior Court, Guilford County, alleging causes of action against defendant for alienation of affection and criminal conversation. In his complaint, plaintiff alleged he resided in Guilford County, North Carolina, with his wife and daughter, and that defendant resided in Orange County, California. According to the complaint, plaintiff's wife and defendant were both employed by the same parent company and worked together on numerous occasions. Plaintiff alleged defendant willfully alienated the affections of plaintiff's wife by, among other actions, "initiating frequent and inappropriate, and unnecessary telephone and e-mail conversations with [plaintiff's wife] on an almost daily basis." The telephone conversations between defendant and plaintiff's wife "often occurred in the presence of plaintiff and his minor child" and "involved discussions of defendant's sexual and romantic relationship with plaintiff's spouse." Plaintiff alleged that "through numerous telephone calls and e-mails to plaintiff's spouse, [defendant] has arranged to meet, and has met with plaintiff's spouse on

numerous occasions outside the State of North Carolina, under the pretense of business-related travel."

The complaint further alleged that plaintiff's wife and defendant committed adultery during these business trips, which further alienated and destroyed the marital relationship between plaintiff and his wife. In support of his complaint, plaintiff submitted an affidavit alleging that "the majority of defendant's conduct which constitutes an alienation of affections occurred within the jurisdiction of North Carolina" and that "[e]vidence as to the frequent electronic and telephonic contact between defendant and plaintiff's spouse can be established through records and witnesses located in the State of North Carolina."

Defendant moved for dismissal pursuant to Civil Procedure Rule 12(b)(2) on the ground that no personal jurisdiction existed. Defendant submitted an affidavit in support of his motion to dismiss stating he had "never set foot in the State of North Carolina." Defendant averred that he communicated with plaintiff's wife via telephone and electronic mail, but characterized these conversations as "work related" with "the normal pleasantries associated with a friendly working relationship."

Upon reviewing plaintiff's verified complaint, as well as the affidavits filed by plaintiff and defendant, the trial court denied defendant's motion to dismiss, finding that personal jurisdiction over defendant existed and that the exercise of personal jurisdiction did not violate due process. Defendant did not immediately appeal the denial of his motion to dismiss.

The case continued to trial. Upon hearing the evidence, the jury determined that defendant was liable to plaintiff for alienation of affections and awarded plaintiff compensatory and punitive damages. Defendant appealed to the Court of Appeals, which concluded that North Carolina could not exercise personal jurisdiction over defendant because, according to the Court of Appeals, there was "no evidence that defendant solicited plaintiff's wife while she was in North Carolina." *Brown v. Ellis*, 184 N.C. App. 547, 549, 646 S.E.2d 408, 411 (2007). In light of its disposition of the case, the Court of Appeals declined to reach the additional issues presented on appeal by defendant, including his constitutional argument that exercise of personal jurisdiction over him would violate due process of law. *Id.* at 550, 646 S.E.2d at 411. This Court allowed plaintiff's petition for discretionary review to review the decision.

To ascertain whether North Carolina may assert personal jurisdiction over a nonresident defendant, we employ a two-step analysis. Jurisdiction over the action must first be authorized by N.C.G.S. § 1-75.4. *Skinner v. Preferred Credit*, 361 N.C. 114, 119, 638 S.E.2d 203, 208 (2006) (citing *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 675, 231 S.E.2d 629, 630 (1977)). "Second, if the long-arm statute permits consideration of the action, exercise of jurisdiction must not violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Id.* In the instant case, the Court of Appeals determined the trial court erred in concluding that jurisdiction was authorized pursuant to N.C.G.S. § 1-75.4. In light of this determination, consideration of the second step in the analysis— that of due process—was unnecessary, and the Court of Appeals declined to address the issue.

Personal jurisdiction may properly be asserted under our long-arm statute

> in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury . . . [s]olicitation or services activities were carried on within this State by or on behalf of the defendant.

N.C.G.S. § 1-75.4(4)(a) (2007).

In the instant case, defendant argues the complaint failed to allege that plaintiff's wife was in North Carolina at the time she received defendant's telephone calls and e-mail. The Court of Appeals agreed with defendant, concluding there was "no evidence that defendant solicited plaintiff's wife while she was in North Carolina." *Brown*, 184 N.C. App. at 549, 646 S.E.2d at 411. We believe this reading of plaintiff's complaint to be overly strict. Plaintiff alleged that he resided in Guilford County with his wife and daughter and that defendant "initiat[ed] frequent and inappropriate, and unnecessary telephone and e-mail conversations with [plaintiff's wife] on an almost daily basis." According to the complaint, defendant and plaintiff's wife discussed their "sexual and romantic relationship" in the presence of plaintiff and his minor child. In his supporting affidavit, plaintiff specifically averred that defendant's alienation of his wife's affections "occurred within the jurisdiction of North Carolina." Although the complaint does not specifically state that plaintiff's wife was physically located in North Carolina during the telephonic and e-mail communications, that fact is nevertheless

apparent from the complaint. In his own affidavit, defendant never denied that he telephoned or e-mailed plaintiff's spouse in North Carolina; rather, he merely characterized the conversations as work related. We conclude plaintiff's complaint alleges sufficient facts to authorize the exercise of personal jurisdiction over defendant pursuant to N.C.G.S. § 1-75.4(4)(a). We therefore reverse the Court of Appeals and remand this case to that court for consideration of defendant's remaining issues.

REVERSED AND REMANDED.